```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------X
```

ANDRE ANTROBUS,

       *Plaintiff*,             **MEMORANDUM & ORDER**

  - against -                     No. 23-cv-6228 (KAM)(LKE)

NEW YORK CITY; NEW YORK CITY POLICE
DEPARTMENT,

       *Defendants*.

```
-----------------------------------X
```

**KIYO A. MATSUMOTO, United States District Judge:**

    Plaintiff Andre Antrobus ("Plaintiff") brings this *pro se* action against the City of New York and the New York City Police Department ("NYPD") (collectively, "Defendants") alleging constitutional violations under 28 U.S.C. § 1983. (ECF No. 1, Complaint, "Compl.") The Court is aware that Plaintiff has previously been barred from *in forma pauperis* status pursuant to 28 U.S.C. § 1915(g) of the Prison Litigation Reform Act of 1996 ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321. Therefore, for the reasons set forth herein, Plaintiff's request to proceed *in forma pauperis* is denied and the Complaint is dismissed without prejudice.

## BACKGROUND

    Plaintiff commenced this action on August 8, 2023, in the United States District Court for the Southern District of New

York.  By order dated August 11, 2023, the instant action was transferred to this Court.  (ECF No. 4.)  According to public New York City Department of Corrections records, Plaintiff is charged with assault under a Kings County criminal action with Index No. 70448-2022, and is currently confined at the George R. Vierno Center on Rikers Island.[1]

As best as can be determined, Plaintiff alleges that he was falsely arrested in connection with his pending criminal charges in Kings County.  (Compl. at 4-5, 10.)  Plaintiff further alleges that the alleged victim of the charged assault suffered no serious injuries, and that Plaintiff was in a housing court web-conference at the time of the alleged assault.  (*Id.* at 4-6.)  Finally, Plaintiff alleges that he was injured by Department of Corrections employees and denied medical care. (*Id.* at 5.)  The Department of Corrections and its employees are not named as defendants in Plaintiff's Complaint.  Plaintiff is seeking compensatory and punitive damages totaling $14 million. (*Id.* at 5.)

Two weeks prior to filing the instant Complaint, Plaintiff filed a separate action alleging substantially similar claims of false arrest against the same defendants.  *See Antrobus v. New*

---

[1]   *See* NYC Dep't of Correction Inmate Lookup Service, https://a073-ils-web.nyc.gov/inmatelookup/pages/home/home.jsf (entering "Antrobus") (last visited Jan. 13, 2025).  The Court may "take judicial notice of agency documents on official websites" such as the inmate lookup.  *Lewis v. M&T Bank*, No. 21-933, 2022 WL 775758, at *2 (2d Cir. Mar. 15, 2022) (summary order).

2

*York City, et al.*, No. 24-cv-2197 (OEM) (LB) (E.D.N.Y. Jul. 27, 2023). In that action, Plaintiff's complaint was dismissed for failure to state a claim and Plaintiff was granted leave to submit an amended complaint within thirty days. *See* Memorandum and Order, *Antrobus v. New York City, et al.*, No. 24-cv-2197 (OEM) (LB) (E.D.N.Y. May 1, 2024), ECF No. 10. Plaintiff did not file an amended complaint and the action was dismissed on July 12, 2024.

Plaintiff, while imprisoned, previously filed at least three civil actions or appeals in federal court that have been dismissed as frivolous or for failing to state a claim. *See, e.g.*, *Antrobus v. Psychiatrist of 2010 Summer, et al.*, No. 11-cv-1621 (LAP)(S.D.N.Y. Apr. 21, 2011) (dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted); *Antrobus v. Rameau*, No.11-cv-5273 (LAP) (S.D.N.Y. Sept. 14, 2011) (same); *Antrobus v. Dep't of Corrs.* of *Rikers Island*, No. 12-2372 (2d Cir. Nov. 13, 2012) (appeal dismissed as frivolous). As a result, the District Court for the Southern District of New York has dismissed Plaintiff's other lawsuits twice pursuant to the "three strikes" rule of the PLRA. *See Antrobus v. Wright*, No. 13-cv-3804 (LAP) (S.D.N.Y. Oct. 22, 2013), ECF No. 6; *Antrobus v. City of New York, et al.*, No. 21-cv-2925 (CM) (S.D.N.Y. Apr. 30, 2021), ECF No. 6.

## **LEGAL STANDARDS**

### I. The Three Strikes Rule, 28 U.S.C. § 1915(g)

The "three strikes" rule of the PLRA, 28 U.S.C. § 1915(g), provides in relevant part:

> In no event shall a prisoner bring a civil action . . . under [Section 1915] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious injury.

28 U.S.C. § 1915(g). The Second Circuit has held that the ability to proceed *in forma pauperis* is a "congressionally created benefit," not a right. *Polanco v. Hopkins*, 510 F.3d 152, 156 (2d Cir. 2007) (quoting *Rodriguez v. Cook*, 169 F.3d 1176, 1180 (9th Cir. 1999)). Notably, § 1915(g) does not prevent prisoners from filing civil actions, but "merely prohibits them from enjoying [*in forma pauperis*] status[.]" *Polanco*, 510 F.3d at 156 (quotations omitted).

Once a plaintiff has incurred "three strikes" under the PLRA, any future *in forma pauperis* cases shall be dismissed pursuant to § 1915(g) unless the case meets the "imminent danger" exception. *See* 28 U.S.C. § 1915(g). The Second Circuit has held that the imminent danger exception can only be invoked when imminent danger exists at the time the case is filed. *See*

4

*Malik v. McGinnis*, 293 F.3d 559, 562-63 (2d Cir. 2002). A danger "that has dissipated by the time a complaint is filed" is not sufficient to warrant an exception to the rule. *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009).

> **II. Failure to State a Claim**

Even if Plaintiff were not subject to the "three strikes" rule under § 1915(g), Plaintiff's Complaint must nevertheless plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the Complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

In addition, Federal Rule of Civil Procedure 8 requires the complaint, at a minimum, to "disclose sufficient information to permit the defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery." *Kittay v. Kornstein*, 230 F.3d 531, 541 (2d Cir. 2000) (internal quotations omitted); *see also Iqbal*, 556 U.S. at 678 (Rule 8 "demands more than an unadorned,

5

the-defendant-unlawfully-harmed-me accusation."). A pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id.* (internal citations and alterations omitted). Pursuant to 28 U.S.C. § 1915A, a district court must dismiss a prisoner's complaint *sua sponte* if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also Liner v. Goord*, 196 F.3d 132, 134 & n.1 (2d Cir. 1999) (noting that *sua sponte* dismissal of frivolous prisoner complaints is mandatory under the PLRA).

In reviewing a *pro se* complaint, the Court is mindful that Plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, courts "remain obligated to construe a *pro se* complaint liberally."). A plaintiff's *pro se* pleadings "must be read liberally and should be interpreted 'to raise the strongest arguments that they suggest.'" *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)).

6

## DISCUSSION

### I.   Imminent Danger Exception to the Three Strikes Rule

"[A] prisoner can proceed [*in forma pauperis*] even after incurring three strikes if his complaint alleges an 'imminent danger of serious physical injury.'" *Chavis v. Chappius*, 618 F.3d 162, 169 (2d Cir. 2010) (quoting 28 U.S.C. § 1915(g)). There must, however, be "a nexus between the imminent danger . . . and the legal claims asserted in [the] complaint." *Pettus*, 554 F.3d at 297. The Second Circuit looks to two factors to determine whether such a nexus exists: "(1) whether the imminent danger of serious physical injury that a three-strikes litigant alleges is *fairly traceable* to unlawful conduct asserted in the complaint and (2) whether a favorable judicial outcome would *redress* that injury." *Id.* at 298-99 (emphasis in original). Neither factor favors a finding of imminent injury here.

Here, Plaintiff does not allege that he is facing an imminent danger of serious physical injury in connection with the claims asserted in the Complaint. The bulk of Plaintiff's claims concern an allegedly false arrest, which lacks any connection to an imminent danger of serious physical harm to Plaintiff. To the extent that Plaintiff seeks prospective relief from imminent danger involving medical care, that relief can only be sought from those responsible for his ongoing medical treatment, and not the named Defendants. *See Bennett v.*

7

*Spear*, 520 U.S. 154, 167 (1997) (noting that standing has not been established if the injury complained of is "the result of the independent action of some third party not before the court"). Moreover, the Complaint does not demonstrate how the monetary damages sought would remedy an imminent danger to Plaintiff. Plaintiff thus fails to show that he should be allowed to proceed *in forma pauperis* in this action under § 1915(g)'s imminent danger exception.

## II. Failure to State a Claim Under 28 U.S.C. § 1915A

Plaintiff's Complaint separately fails under 28 U.S.C. § 1915A for failure to state a claim upon which relief may be granted. Under a liberal construction, the Court construes Plaintiff's claims as arising under 42 U.S.C. § 1983 ("Section 1983") because he is alleging constitutional violations committed by municipal actors. (Compl. at 3, 4-7.) Section 1983 provides, in relevant part, that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured[.]

42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States

8

Constitution and federal statutes that it describes." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979); *see Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010) (noting that Section 1983 is a "method for vindicating federal rights elsewhere conferred[.]"). To state a claim under Section 1983, Plaintiff must allege two elements: "(1) that the defendants deprived him of a right 'secured by the Constitution or laws of the United States'; and (2) that they did so 'under color of state law.'" *Giordano v. City of New York*, 274 F.3d 740, 750 (2d Cir. 2001) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999)).

Here, Plaintiff has failed to allege Section 1983 claims against both the NYPD and the City of New York. First, the NYPD is an organizational subdivision of the City of New York and is thus not a suable entity. *See Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); N.Y. City Charter Ch. 17 § 396 (providing that "all actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."). Thus, the claims against the NYPD are dismissed.

Plaintiff also fails to state a Section 1983 claim against the City of New York because he fails to allege a municipal policy or custom that caused him to suffer a denial of a constitutional right. *See Friend v. Gasparino*, 61 F.4th 77, 93

9

(2d Cir. 2023). The Supreme Court held, in *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 690 (1978), that "municipalities and other local government" units are "persons" who may be sued under Section 1983. *Id.* However, to hold a municipality liable under Section 1983, "a plaintiff is required to plead and prove three elements: (1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional or other federal right." *Lucente v. Cnty. Of Suffolk*, 980 F.3d 284, 297 (2d Cir. 2020) (internal quotations omitted). In other words, municipalities may not be held liable "unless action pursuant to official municipal policy of some nature caused a constitutional tort." *Monell*, 436 U.S. at 691. Plaintiff neither alleges nor references any City policies or customs which caused a violation of constitutional or federal right. Thus, Plaintiff has failed to state a claim against both named Defendants.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket by January 17, 2025. The Court denies Plaintiff's request to proceed *in forma pauperis*, and the Complaint is dismissed without prejudice under the PLRA's "three strikes" rule. *See* 28 U.S.C. § 1915(g). Plaintiff remains barred from filing any future action *in forma pauperis* while a prisoner, unless he is under imminent threat of

10

serious physical injury. *Id.*

As Plaintiff has also failed to state a claim for which relief may be granted, Plaintiff is granted leave to file an amended complaint alleging sufficient facts against each named defendant to state a plausible claim for relief by February 13, 2025, provided that Plaintiff pays the filing fee. If Plaintiff does so, that amended complaint will be reviewed under 28 U.S.C. § 1915A, which requires the Court to dismiss any civil rights complaint from a prisoner if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). If Plaintiff fails to file an amended complaint within the time allotted, judgment will enter dismissing this action. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal taken from this order would not be taken in good faith, and therefore, *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**So ordered.**

Dated:   January 14, 2025
         Brooklyn, New York

_____
**Kiyo A. Matsumoto**
United States District Judge
Eastern District of New York